IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO ARMANDO MORAN VALLE,         Petitioner,<br><br>v.<br><br>CAMILLA WAMSLEY, et al.,         Respondents. | Civil No.: 2:25-cv-7110 |

**ORDER**

**AND NOW**, this 27th day of January, 2026, upon consideration of the Petition for Writ of Habeas Corpus Pursuant (ECF No. 1) and the Respondents' Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

    1.    Mr. Valle is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

    2.    The Government shall **RELEASE** Mr. Valle from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on January 28, 2026;

    3.    If the Government chooses to pursue re-detention of Mr. Valle pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

    4.    The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

---

[1] Mr. Valle is a citizen of Guatemala who has resided in the United States since 2016. *See* Pet. for Habeas Corpus ¶ 20. Mr. Valle graduated from Bensalem High School in 2020. *Id.* Mr. Valle was apprehended on December 10, 2025, and the Department of Homeland Security ("DHS") placed him in removal proceedings pursuant to 8 U.S.C. § 1229(a). *Id.* ¶ 6. DHS charged Mr. Valle as

BY THE COURT:

        */s/ John M. Gallagher*
        JOHN M. GALLAGHER
        United States District Court Judge

---

being inadmissible under 212(a)(6)(A)(i) of the Immigration and Naturalization Act, 212(a)(7)(A)(i)(I) of the Immigration and Naturalization Act, and/or 8 U.S.C § 1182(a)(6)(A)(i), as someone who entered the United State without inspection, and as someone not in possession of a valid unexpired visa or other suitable travel document, respectively. *Id.*

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Valle is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Valle's detention does not offend due process. The vast majority of federal courts, including all decisions in this district (more than 100 to date), have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government also mentions in a footnote that it is reviewing *Khalil v. President, United States of America, et al.* (No. 25-2162) to determine its effect on Section 1225(b)(2) cases, but it makes no argument as to its applicability here. Nonetheless, the Court concurs with other decisions in this District: 8 U.S.C. § 1252(b)(9) does not prohibit the Court's review of Mr. Valle's Petition. *See Kourouma v. Jamison*, No. 26-CV-0182, 2026 WL 120208, at *3 (E.D. Pa. Jan. 15, 2026) (Marston, J.); *Montes Restrepo v. Jamison*, No. 25-CV-6518, 2026 WL 141803, at *5 (E.D. Pa. Jan. 20, 2026) (Leeson, J.).

Accordingly, Mr. Valle's mandatory detention without the opportunity for a bail hearing is unlawful.